PEOPLE, PLAINTIFF AND APPELLANT, *v.* A. HARTMAN & CO. AND THE IRRIGATION COMMISSION, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in the Matter of a Decision of the Irrigation Commission.

No. 2037.—Decided January 26, 1920.

IRRIGATION — PRESUMPTION — APPRAISEMENTS — EVIDENCE. — The presumption referred to in section 10 of Act No. 128 of August 8, 1913, that the appraisements made by the Irrigation Commission in forming the permanent irrigation district shall be considered *prima facie* true and correct, can not be destroyed by the testimony of a witness who only gives his personal opinion and whose capacity is unknown.

The facts are stated in the opinion.

*Messrs. Howard L. Kern,* Attorney General, *Salvador Mestre* and *R. H. Todd, Jr.,* for the appellant.

*Mr. Tomás Bernardini* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In accordance with a special act of the Legislature The People of Porto Rico, represented by its Attorney General, appealed to the District Court of San Juan, Section 1, from a decision of the Irrigation Commission granting a water concession to A. Hartman & Company on the ground that the appellant considered the concession excessive. The appeal was heard and the said court decided the case against the appeal of The People of Porto Rico and the Attorney General then took the present appeal to this court.

In answering the brief filed here by the appellant in sup-

port of the appeal A. Hartman & Company alleged *imprimis* that the appeal should be dismissed for several reasons.

As from the view which we take of the case we must affirm the judgment of the court below, we prefer to consider the merits of the appeal and disregard the motion for dismissal, inasmuch as this will not prejudice the rights of A. Hartman & Company and also because the motion for dismissal was not made according to Rule 62 of the Supreme Court, which requires that a motion for the dismissal of an appeal must be made before the hearing. However, we will dispose of the plea to our jurisdiction of this appeal on the ground that the court below had no jurisdiction of the case because The People of Porto Rico brought the appeal there after the expiration of the ninety days allowed therefor by section 10 of Act No. 128 of August 8, 1913, the appeal having been filed in the court below on September 26, 1917, or after the expiration of that period, counting from July 31, 1917, when the permanent irrigation district was established, and notice of the appeal having been given to A. Hartman & Company on October 18, 1917, as the appellees state in their brief. From the statement of the case it also appears that the permanent irrigation district was established on July 31, 1917.

Neither on September 26, 1917, nor on October 18, 1917, had ninety days elapsed counting from July 31, 1917; therefore, the appeal having been filed in the lower court within the lawful period, the said court had jurisdiction, and we have jurisdiction of this appeal.

The appellant alleged in its brief filed in the lower court in support of the appeal from the decision of the Irrigation Commission that A. Hartman & Company were the owners of a water concession which had been first made to Juan Vives de la Rosa by the Spanish Government in 1851 for irrigating a part of a property of 487.81 acres and the concession was relinquished by A. Hartman & Company to The People of Porto Rico in 1908 when the irrigation system was

in project and that it was included by the Irrigation Commission in the temporary district, giving them credit for 885 acre-feet of water annually for irrigating 221.25 acres free of water tax; that upon establishing the permanent district the Irrigation Commission increased the credit given to the said partnership to 1020.48 acre-feet for irrigating 255.12 acres free of water tax, which increase is not considered fair or equitable for the reason that the water which A. Hartman & Company used under their concession was measured at the outlet of the canal in the river itself, whereas now the water is delivered by the irrigation service upon the land, the result being that the said partnership incurs no expenses in repairing the canal and loses no water by filtration or evaporation, a fact which should have been taken into account by the Irrigation Commission, and that the value given to the concession upon establishing the temporary district was just and equitable.

In support of that proposition the appellant introduced as evidence in the lower court only the testimony of James E. Giles to the effect that the plantation called Reunión in the ward of Jobos, Guayama, belonged to A. Hartman & Company, who had an irrigation concession which was relinquished to The People of Porto Rico; that 307 acres of that property were included in the permanent irrigation district; that the Irrigation Commission gave a credit to A. Hartman & Company for irrigating 239.70 acres; that in the temporary district they were given a credit for irrigating 163 acres; that he considered that the value fixed for the temporary district was the fair and reasonable value because the water is now delivered on the property while formerly it was measured at the outlet of the canal, the consequence being that no water is lost by filtration or evaporation between the river and the property, and, also, the water to be distributed by the irrigation system will be uniformly distributed, which is a benefit to A. Hartman & Company, be-

cause formerly they received much water when it was raining and little when it did not rain, and that he considered that the only credit that should be recognized is that for 163 acres, or the credit which was given to them when the temporary district was established.

A. Hartman & Company did not appear at the hearing on the appeal in the lower court.

Leaving aside the variance between the testimony of this witness and the averments of the notice of appeal filed in the lower court as to the number of acres contained in the Reunión plantation; as to the number of acres to be irrigated, and also as to the number of acre-feet of water granted by the temporary district and later by the permanent district, we must arrive at the conclusion that the court *a quo* did not err in its judgment in this case, because the testimony of the witness introduced in support of the appeal did not prove the fact on which the appeal is based, that is, that the concession made by the Irrigation Commission in forming the permanent irrigation district was excessive, for the witness gave only his personal opinion without stating his grounds therefor, and we do not know in what capacity he testified, for the mere fact that the appellees formerly received the water at the canal and now receive it on the property is not of itself sufficient to justify the conclusion that the amount of water that might evaporate or filter in the canal warrants the reduction prayed for by the appellant. According to section 10 of the act referred to, "In the determination of what lands are to be included in the said permanent irrigation district, and of the value of relinquished water rights or concessions in connection therewith, and of the basis for the computation of credits on taxation on account thereof, the decision of the said Irrigation Commission shall be considered *prima facie* true and correct." This presumption has not been destroyed by the testimony of the appellant's witness, because the opinion expressed by him

does not affect the justness of the credit given to the appellees, nor does it show that there may be a better, more exact and fairer basis than that taken by the Irrigation Commission.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.